UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | | |
|---|---|---|
| RAMONA ROSARIO, | ) | |
| | ) | |
| Plaintiff, | ) | **05-30019-MAP** |
| | ) | C.A. NO. |
| v. | ) | BBO NO. 552113 (Pino) |
| | ) | |
| LISA BARRETT, | ) | |
| | ) | |
| Defendants. | ) | |

FILED
...

U.S. DISTRICT COURT
...ICT OF MA...

FILING FEE PAID:
RECEIPT # 305830
AMOUNT $ 150.00
BY DPTY CLK M/A
DATE 1/24/05

## DEFENDANT'S NOTICE OF REMOVAL

The Defendant in the above-captioned action, Lisa Barrett, requests that this action be removed from Massachusetts state court to the United States District Court for the District of Massachusetts, Western Division, Springfield, MA.

As grounds for this Notice of Removal, the Defendant, Lisa Barrett, states the following:

1.    On or about January 7, 2005, the Plaintiff commenced the present action against the Defendant in Massachusetts Superior Court, County of Hampden, C.A. No. 05-00025-B, and is now pending therein.

2.    On or about January 19, 2005, the Defendant was served with a copy of a Summons and Complaint.

3.    No further proceedings have been had in this action.

4.    The Plaintiff, Ramona Rosario, was and presently is a citizen and resident of Springfield, County of Hampden, Commonwealth of Massachusetts.

5.    The Defendant, Lisa Barrett, was and presently is a resident of Albany, State of New York.

6.    The Plaintiff alleges in her Statement of Damages that the amount in controversy, exclusive of interest and costs, is in excess of Eighty Five Thousand Dollars ($85,000.00).

7.    A copy of the Summons and Complaint are attached hereto.

8.    This Notice is filed with the Court within thirty (30) days after service on the Defendant of the Summons and Complaint.

9.    As a result of the foregoing, this Court possesses original jurisdiction of the present action pursuant to 28 USC § 1332 and may, therefore, be removed to this Court pursuant to 28 USC § 1441(b).

WHEREFORE, the Defendant, Lisa Barrett, requests that the Court remove the present action from Massachusetts State Court to the United States District Court for the District of Massachusetts, Western Division, Springfield, MA.

LISA BARRETT
By her attorney,


_____
Paul G. Pino
BBO# 552113
LAW OFFICE OF PAUL G. PINO
1350 Division Road, Suite 104
West Warwick, RI  02893
(401) 827-1250

Dated:  January 21, 2005

<u>CERTIFICATE OF SERVICE</u>

I, Paul G. Pino, Esquire, hereby certify that on the 21st day of January, 2005, I caused to be served the foregoing document by first class mail, postage prepaid to the following counsel of record:

Barry E. O'Connor, Esquire
293 Bridge Street, Suite 326
Springfield, MA 01103

_____
Paul G. Pino

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| | 05 - 30019 - MAP |
| **(b)** County of Residence of First Listed Plaintiff  Hampden, MA <br> (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant  Albany, NY <br> (IN U.S. PLAINTIFF CASES ONLY) <br> NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| **(c)** Attorney's (Firm Name, Address, and Telephone Number) Barry E. O'Connor, Esq. <br> 293 Bridge St., Ste. 326, Springfield, MA 01103 <br> (413)746-0060 | Attorneys (If Known)  Paul G. Pino, Esq. (401)827-1250 <br> 1350 Division Rd., Ste. 104, West Warwick, RI 02893 |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 151 Medicare Act <br> ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholders' Suits <br> ☐ 190 Other Contract <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | **PERSONAL INJURY** <br> ☐ 310 Airplane <br> ☐ 315 Airplane Product Liability <br> ☐ 320 Assault, Libel & Slander <br> ☐ 330 Federal Employers' Liability <br> ☐ 340 Marine <br> ☐ 345 Marine Product Liability <br> ☒ 350 Motor Vehicle <br> ☐ 355 Motor Vehicle Product Liability <br> ☐ 360 Other Personal Injury | **PERSONAL INJURY** <br> ☐ 362 Personal Injury - Med. Malpractice <br> ☐ 365 Personal Injury - Product Liability <br> ☐ 368 Asbestos Personal Injury Product Liability <br> **PERSONAL PROPERTY** <br> ☐ 370 Other Fraud <br> ☐ 371 Truth in Lending <br> ☐ 380 Other Personal Property Damage <br> ☐ 385 Property Damage Product Liability | ☐ 610 Agriculture <br> ☐ 620 Other Food & Drug <br> ☐ 625 Drug Related Seizure of Property 21 USC 881 <br> ☐ 630 Liquor Laws <br> ☐ 640 R.R. & Truck <br> ☐ 650 Airline Regs. <br> ☐ 660 Occupational Safety/Health <br> ☐ 690 Other <br> **LABOR** <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br> ☐ 740 Railway Labor Act | ☐ 422 Appeal 28 USC 158 <br> ☐ 423 Withdrawal 28 USC 157 <br> **PROPERTY RIGHTS** <br> ☐ 820 Copyrights <br> ☐ 830 Patent <br> ☐ 840 Trademark <br> **SOCIAL SECURITY** <br> ☐ 861 HIA (1395ff) <br> ☐ 862 Black Lung (923) <br> ☐ 863 DIWC/DIWW (405(g)) <br> ☐ 864 SSID Title XVI <br> ☐ 865 RSI (405(g)) | ☐ 400 State Reapportionment <br> ☐ 410 Antitrust <br> ☐ 430 Banks and Banking <br> ☐ 450 Commerce <br> ☐ 460 Deportation <br> ☐ 470 Racketeer Influenced and Corrupt Organizations <br> ☐ 480 Consumer Credit <br> ☐ 490 Cable/Sat TV <br> ☐ 810 Selective Service <br> ☐ 850 Securities/Commodities/ Exchange <br> ☐ 875 Customer Challenge 12 USC 3410 <br> ☐ 890 Other Statutory Actions <br> ☐ 891 Agricultural Acts <br> ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** <br> ☐ 210 Land Condemnation <br> ☐ 220 Foreclosure <br> ☐ 230 Rent Lease & Ejectment <br> ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | **CIVIL RIGHTS** <br> ☐ 441 Voting <br> ☐ 442 Employment <br> ☐ 443 Housing/ Accommodations <br> ☐ 444 Welfare <br> ☐ 445 Amer. w/Disabilities - Employment <br> ☐ 446 Amer. w/Disabilities - Other <br> ☐ 440 Other Civil Rights | **PRISONER PETITIONS** <br> ☐ 510 Motions to Vacate Sentence <br> **Habeas Corpus:** <br> ☐ 530 General <br> ☐ 535 Death Penalty <br> ☐ 540 Mandamus & Other <br> ☐ 550 Civil Rights <br> ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** <br> ☐ 870 Taxes (U.S. Plaintiff or Defendant) <br> ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 893 Environmental Matters <br> ☐ 894 Energy Allocation Act <br> ☐ 895 Freedom of Information Act <br> ☐ 900 Appeal of Fee Determination Under Equal Access to Justice <br> ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Sec. 1332

Brief description of cause: Jurisdiction is based on diversity of citizenship pursuant to

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE

DOCKET NUMBER

DATE  1/21/05

SIGNATURE OF ATTORNEY OF RECORD  Paul B Pino

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only) Ramona Rosario v. Lisa Barrett
_____

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

    05 - 30019 - MAP

    [ ]  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    [ ]  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,       *Also complete AO 120 or AO 121
               740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

    [ ]  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

    [ ]  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870, 871, 875, 900.

    [ ]  V.    150, 152, 153.

3.  Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
_____

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                            YES [ ]    NO [X]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)
                                                            YES [ ]    NO [X]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                            YES [ ]    NO [X]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                            YES [ ]    NO [X]

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                            YES [ ]    NO [ ]

    A.  If yes, in which division do all of the non-governmental parties reside?

        Eastern Division [ ]        Central Division [ ]        Western Division [X]

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division [ ]        Central Division [ ]        Western Division [ ]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes, submit a separate sheet identifying the motions)
                                                            YES [ ]    NO [X]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME     Paul G. Pino
ADDRESS     1350 Division Road, Suite 104, West Warwick, RI   02893
TELEPHONE NO.     (401) 827-1250

(Coversheetlocal.wpd - 10/17/02)

| IVIL ACTION COVER SHEET | Trial Court of Massachusetts<br>SUPERIOR COURT DEPARTMENT<br>County: Hampden | Docket Number |
|---|---|---|

| LAINTIFF(S)   Ramona Rosario | DEFENDANT(S)   Lisa Barrett |
|---|---|

| TTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>arry O'Connor,293 Bridge St. Suite 326<br>)ard of Bar Overseers number: 548570 Springfield,MA 01103 | ATTORNEY (if known) |
|---|---|

### Origin code and track designation

ace an x in one box only:

[x] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. c. 231, s.104
   (Before trial)          (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript;relief from judgment/
   Order (Mass.R.Civ.P. 60)                                    (X)
[ ] 6. E10 Summary Process Appeal                               (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| )DE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| :03. | Motor Vehicle Negligence  F | ( ) | (x ) Yes    ( )No |

e following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine
ney damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

Documented medical expenses to date:
1. Total hospital expenses ............................................. $2571.23
2. Total Doctor expenses .............................................. $1081.00
3. Total chiropractic expenses ........................................ $2901.00
4. Total physical therapy expenses .................................... $2139.00
5. Total other expenses (describe)   Ambulance ....................... $437.00

Subtotal $9129.23

Documented lost wages and compensation to date ...................... $77,646.1
Documented property damages to date ................................. $
Reasonably anticipated future medical and hospital expenses ......... $
Reasonably anticipated lost wages ................................... $
Other documented items of damages (describe) ........................ $

Brief description of plaintiff's injury, including nature and extent of injury (describe)

.aintiff was injured in an automobile accident with defendant.
ie suffered extensive injuries to her legs and left knee. She
is unable to walk for a period of time and has remained unable    TOTAL $86,775.3
› work.

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

ide a detailed description of claim(s)

TOTAL   $

SE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR
RT DEPARTMENT

eby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court
rm Rules on Dispute Resolution (SJC Rule 1.18) requiring that I provide my clients with information
t court-connected dispute resolution services and discuss with them the advantages and
vantages of the various methods."
iture of Attorney of Record                                     DATE  1/6/05

;.C. 2003

TO PLAINT___ 'S ATTORNEY: PLEASE CIRCLE TYPE O___ ___CTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER

# COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION
NO. 05 25

Ramona Rosario

_____, PLAINTIFF(S)

Lisa Barrett   — 124 Wilkins Ave
      V.   Albany NY 12205

SUMMONS

_____, DEFENDANT(S)

To the above named defendant:

You are hereby summoned and required to serve upon
Barry E. O'Connor, Esq. 293 Bridge Street
_____, plaintiff's attorney, whose addr ess i:
Suite 326, Springfield, MA 01103 an answer to the complaint which is herewith served u you
you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fai. to do
so, judgment by default will be taken against you for the relief demanded in the complaint. You ar e also
required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before
service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject ma tter
of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, _____ BARBARA J. ROUSE, ESQUIRE ____ sq., at Springfield the _____ day of
_____ in the year of our Lord two thousand four.

*Marie G. Mazza*

Clerk / Magistrate

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate
summons is used for each defendant, each should be addressed to the particular defendant.

FORM No.1

(left margin, rotated text) either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

# PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 2004 , I served a copy of the within summons, together with a copy of the original complaint, in this action, upon the within named defendant, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5):

_____

_____

_____

_____

Dated:_____, 2004

## N.B. TO PROCESS SERVER:
PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN THIS BOX <u>ON THE ORIGINAL AND ON THE COPY SERVED ON DEFENDANT.</u>

_____
(                                        )
(                         , 2004 )
(_____)

## COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss

SUPERIOR COURT DEPARTMENT
SPRINGFIELD DIVISION
CIVIL ACTION NO:

RAMONA ROSARIO )
    Plaintiff )
  )
v. )        COMPLAINT
  )
LISA BARRETT )
    Defendant )
     )

### PARTIES

1.    The plaintiff, Ramona Rosario, is an individual who at all relevant time resided in Springfield, Hampden County, Commonwealth of Massachusetts.

2.    The defendant, Lisa Barrett, is an individual who at all relevant resided in the city of Albany, New York.

### VENUE

3.    Venue is proper under G.L. 223 § 1 as this honorable court sits in the county where plaintiff resides and where the accident that is the basis for this action occurred G.L. c. 223 § 7. The plaintiff also submits a civil action cover sheet stating that her damages exceed $25,000. Super.Ct.R. 29(5).

### COUNT I

(Negligence)

4.    On or about February 1, 2002, the plaintiff, Ramona Rosario, was operating a motor vehicle traveling west on Alden Street in Springfield, Hampden County, Commonwealth of Massachusetts.

5.    At the same time and place, the defendant, Lisa Barrett, was operating a motor vehicle on Naismith Circle in Springfield, Hampden County, Commonwealth of Massachusetts.

6.    The defendant, Lisa Barrett, in the course of operating her vehicle came to a stop sign at the intersection of Alden Street and Naismith Circle.

7.    The defendant, Lisa Barrett, failing to yield the right of way to the vehicle driven by the plaintiff, Ramona Rosario, negligently operated her vehicle as to cause a collision between the plaintiff's vehicle and the defendant's vehicle.

8.    The defendant, Lisa Barrett, was issued a Massachusetts Uniform Citation for failing to yield the right of way.

9.    As a result of the negligence of the defendant, Lisa Barrett, the plaintiff, Ramona Rosario, sustained severe physical injury, injury of the mind, incurred expenses for medical care and attendance and experienced a complete loss of earning capacity because of the accident.

WHEREFORE, the plaintiff, Ramona Rosario demands judgment against the defendant, Lisa Barrett, on Count I, plus interest and costs of this action.

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS.

PLAINTIFF,
By her attorney,

Dated: January 6, 2005

Barry E O'Connor, Esq
293 Bridge Street, Suite 326
Springfield, MA 01103
(413) 746-0060
BBO# 548570

## CERTIFICATE OF SERVICE

I do hereby certify that on <u>January 14, 2005</u>, I served via Alexander Poole & Co., Albany, NY copies of the attached papers to the Defendant in the above-entitled action:

**Lisa Barrett**
**124 Wilkins Ave**
**Albany, NY 12205**

Dated: January 14, 2005

_____
BARRY E. O'CONNOR, ESQ.

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss

SUPERIOR COURT DEPARTMENT
SPRINGFIELD DIVISION
CIVIL ACTION NO. 05 25

RAMONA ROSARIO                )
                Plaintiff     )
                              )
v.                            )
                              )
                              )
LISA BARRETT                  )
                Defendant     )
_____)

FIRST SET OF INTERROGATORIES TO BE
ANSWERED UNDER OATH BY
DEFENDANT LISA BARRETT

Now comes the plaintiff, RAMONA ROSARIO, and hereby propounds the following
Interrogatories to be answered, under oath, by the defendant, LISA BARRETT

## INSTRUCTIONS & DEFINITIONS

You are required to answer the following Interrogatories fully, separately, and under oath, within
forty-five (45) days after service hereof, pursuant to Mass.R.Civ.P. 33. In answering these
Interrogatories, you are required to furnish all information that is available to you, including that
which can be learned through your reasonable inquiry. This also includes non privileged
information in the possession of your attorney(s), consultants, experts, investigators, agents, or
other persons acting on your behalf.

If any of these Interrogatories cannot be answered in full, please answer to the extent possible
and specify the reason for your inability to answer the remainder. The Interrogatories are
continuing, and answers thereto must be supplemented by you to the maximum extent required
by the Massachusetts General Laws and Rules of Civil Procedure.

**Any use in this document of the term "defendant" refers to the defendant, Lisa Barrett**

**Any use in this document of the terms "the accident" or "the collision" refers to the motor
vehicle accident of February 1, 2002 involving the plaintiff, Ramona Rosario and the
defendant, Lisa Barrett, which occurred in Springfield, Massachusetts, all as alleged in the
plaintiff's Complaint.**

## INTERROGATORIES

1.    Please state your full name, social security number, date of birth, current residence
      address, current business address, current position or title, and the number of years in that

position, as well as your full name, residence address, business address and position or title on or about February 1, 2002.

2. Please state whether you were the owner and/or operator of a 2000 Honda Civic with New York registration number CY913E on February 1, 2002.

3. If you were not the owner of the vehicle referred to in the preceding Interrogatory, please state:

   a)   the name and address of the owner of said vehicle on February 1, 2002;
   b)   the relationship between yourself and the owner of said vehicle on February 1, 2002 ;
   c)   whether you had operated said vehicle on other occasions prior to February 1, 2002 , giving the approximate number of times you had so operated the vehicle in question; and
   d)   whether you were operating the vehicle in question on February 1, 2002 with the authorization of the owner of that vehicle.

4. Please state the date, time and place (giving street names and other geographical locations) the accident occurred.

5. Please state where you were coming from, how long you had been at that location, and where you were going at the time the alleged accident occurred.

6. If there were any persons in the vehicle which you were operating, please state the number of such persons and their names and addresses.

7. Please state in full and complete detail how the accident occurred, stating what you saw, what you heard, what you did, and what happened in the order in which the events took place.

8. Please state the names and residential and business addresses of any individual who witnessed the alleged accident and/or the events leading to the accident. Plaintiff requests that you update this list should it change prior to trial, by furnishing a supplemental list to plaintiff's attorney.

9. Please state the speed of the vehicle operated by you:

   a)   at approximately 50 feet from the point of collision;
   b)   at approximately 25 feet from the point of collision;
   c)   at the exact point of collision.

10. Please describe in the most complete detail possible everything you did in an attempt to avoid the accident, including any warning or signal given by you just prior to the collision.

11.  What were the points of contact between the vehicle you were operating and plaintiff's vehicle?

12.  Please describe in as much detail as possible what happened to the vehicle you were operating immediately after the collision with plaintiff, including where it traveled, what, if anything, it struck, and where it finally came to rest.

13.  If the vehicle you were operating was damaged as a result of the accident, please describe in full detail the damage sustained to the vehicle, naming each part that was so damaged.

14.  Were you approached by any police officer(s) on February 1, 2002, or at anytime subsequent thereto, relative to the accident? If so, please state, in detail:

   a)  where, giving street and city/town names, you were so approached;
   b)  the approximate time you were so approached;
   c)  the city, town, agency, department, etc., whom the police officer(s) represented;
   d)  why you were so approached;
   e)  the result of your being so approached; and
   f)  the names of the police officer(s).

15.  If you incurred or were cited for any traffic and/or moving violations on February 1, 2002, or at any time subsequent thereto, relative to the accident, please state, as fully and completely as possible, as to each such citation:

   a)  the town and/or city where the citation was issued;
   b)  the nature of the citation;
   c)  the name of the court where any action was taken pursuant to the citation; and
   d)  the result of any court action taken pursuant to the citation, giving the date of resolution.

16.  If you had any conversation with the plaintiff with reference to the accident, please set forth details of the conversation(s) as fully and completely as possible.

17.  Please state any and all acts, deeds, or omissions that you allege were committed by the plaintiff which you contend contributed to the accident or to plaintiff's injuries.

18.  Please describe in detail the condition of the weather, lighting and the roadway at the time and place of the collision.

19.  Please describe in detail any and all traffic controls (e.g., traffic lights, stop signs, warning signs) located in the vicinity of the accident on February 1, 2002.

20.  If any person(s) or vehicle(s) other than the parties presently named in plaintiff's Complaint contributed in any way to the happening of the accident, identify each such

person(s) and vehicle(s) and state in full and complete detail how you allege he, she or they contributed to causing the alleged accident.

21. As to each insurance policy available to you to satisfy in whole or in part any judgment that might be recovered against you in this matter, please state:

   a)    the name and address of each company issuing such an insurance policy;
   b)    the number of each such policy;
   c)    the effective period(s) of each such policy; and
   d)    the maximum liability limits.

22. If you have incurred or have been cited for any traffic and/or moving violations, or have had your motor vehicle operator's license suspended by the Massachusetts Registry of Motor Vehicles within five (5) years prior to or subsequent to the date of the accident, please state, as fully and completely as possible, as to each such citation:

   a)    the date the citation was issued;
   b)    the town and/or city where the citation was issued;
   c)    the nature of the citation;
   d)    the name of the court where any action was taken pursuant to the citation;
   e)    the result of any court or registry action taken  pursuant to the citation, and the date of  resolution;
   f)    the dates, beginning and ending, of suspension; and
   g)    the reason for suspension.

23. Have you been in any other motor vehicle accidents, either before or after the date of the collision alleged in the plaintiff's Complaint? If so, when, and what were the facts and resolutions of those cases?

24. Please state whether you or anyone acting in your behalf obtained any signed or unsigned statement(s) (specify which) from any alleged witness(es) to the events alleged in plaintiff's Complaint. If so, please state:

   a)    the name and present address of the witness(es);
   b)    the date said statement was prepared; and
   c)    the identity of the person(s) who has the current custody or control of such written statement.

25. Please identify each and every person, by giving their name and address, whom you intend to call as a witness at the trial of this matter.

26. Please state the name, residence, business address, occupation and specialty of each person you expect may be called by you or your attorney as an expert witness at the trial of this action, setting forth:

a)   the subject matter, in detail, on which each such person may be expected to
     testify;
b)   in detail, the substance of all facts about which each person may be expected to
     testify;
c)   in detail, the contents of all facts about which each person may be expected to
     testify; and
d)   in detail, a summary of the grounds for each such opinion and the substance of all
     facts on which such opinions are based.

27.   Please state whether at any time prior to the accident, you consumed any alcoholic
      beverage and/or any controlled substance. If so, please state:

      a)   when you consumed said alcoholic beverage and/or controlled substance (within
           24 hours of the accident);
      b)   the type of alcoholic beverage and/or controlled substance; and
      c)   the quantity of alcoholic beverage and/or controlled substance consumed by you
           (within 24 hours of the accident).

                                        The Plaintiff
                                        By Her Attorney,


                                        Barry E. O'Connor, Esq.
                                        293 Bridge Street, Suite 326
                                        Springfield, MA  01103
                                        (413)746-0060
                                        BBO#548570


Dated: January 14, 2005

                          CERTIFICATE OF SERVICE

      I do hereby certify that on __January 14, 2005__, I served copies of the attached papers on
to the Defendant, Lisa Barrett of 124 Wilkins Ave, Albany, NY 12205 in the above-entitled action
via Alexander Poole & Co., Albany, NY.


Dated: __January 14, 2005__

                                        BARRY E. O'CONNOR, ESQ.

# COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss

SUPERIOR COURT DEPARTMENT
SPRINGFIELD DIVISION
CIVIL ACTION NO. 05 25

| | |
|---|---|
| RAMONA ROSARIO<br>　　　　Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| | )<br>) |
| LISA BARRETT<br>　　　　Defendant | )<br>)<br>) |

FIRST SET OF REQUEST FOR
PRODUCTION OF DOCUMENTS TO BE
ANSWERED UNDER OATH BY
DEFENDANT LISA BARRETT

Now comes the plaintiff, Ramona Rosario, in the above-entitled civil action, and pursuant to Rule 34 of Massachusetts Rules of Civil Procedure, requests that Defendant, Lisa Barrett produce the following documents within [Forty-five (45) days if sent with Complaint/if mailed separately, thirty (30) days] to the office of plaintiff's attorney, Barry E. O'Connor, 293 Bridge Street, Springfield, Massachusetts, 01103.

## INSTRUCTIONS & DEFINITIONS

The defendant is to produce to the plaintiff's attorney, Barry E. O'Connor, all documents set forth below that are in the defendant's possession, custody or control and that meet the descriptions, directly or indirectly, set forth in each such category.

"Document" shall mean the original, all nonidentical copies, and all drafts of any book, pamphlet, letter, or other form of correspondence, telegram, telex, cable, report, study, note, diary entry, telephone message, form, chart, drawing, agreement, contract, summary, financial record, or other verbal, numerical, or pictorial recording, whether printed, typed, handwritten, drawn, recorded on film or tape, or within any data processing system, or recorded by any other means. If any document sought by these requests for documents has been destroyed (and no copy exists), identify the date of destruction, the person who ordered destruction, and the purpose for destruction.

If the defendant claims any privilege or immunity from discovery with regard to any documents sought herein, then please provide the following information as to each document to which such claim is made: (a) its date; (b) the name and address of its maker; (c) the name and address of each person listed as an addressee; (d) the name and address of each person who has seen or reviewed each such document; (e) a brief description of its subject matter; (f) the nature of privilege or immunity claimed; (g) and a summary of all facts and circumstances upon which claim is based.

Whenever it is impractical to produce the original document requested, photocopies may be made of such original documents.

Photographs supplied pursuant to this request or prints thereof shall be paid for by the plaintiff upon presentation of a bill from each person preparing such photographs or prints.

This demand is to include all after-acquired documents of the type made reference to in the request. The defendant is therefore requested to update the production of documents by forwarding copies to the plaintiff or putting the plaintiff on notice as to any after-acquired material.

**Any use in this document of the term "defendant" refers to the defendant, Lisa Barrett.**

**Any use in this document of the terms "the accident" or "the collision" refers to the motor vehicle accident of February 1, 2002, involving the plaintiff, Ramona Rosario and the defendant, Lisa Barrett, which occurred in Springfield, Massachusetts, all as alleged in the plaintiff's Complaint.**

## DOCUMENT REQUESTS

**REQUEST ONE:** All written reports regarding the accident prepared by the police, plaintiff, defendant, and/or any other person or entity with knowledge of the accident.

**REQUEST TWO:** All photographs, diagrams, or drawing that depict:

   a)     the location of the accident;

   b)     the automobiles involved in the accident;

   c)     the plaintiff and/or plaintiff's injuries; and

   d)     any injuries defendant may have alleged to have sustained as a result of the accident.

**REQUEST THREE:** All statements regarding the accident, whether signed, unsigned, handwritten, typewritten, or recorded by mechanical or electronic means, made by:

   a)     the defendant;

   b)     the plaintiff;

   c)     any witness to the accident;

d)  any person on the scene immediately preceding the accident and/or immediately subsequent to the accident; and

e)  any person and/or entity with knowledge of the events of the accident.

**REQUEST FOUR:** Each and every photograph that the defendant intends to introduce as evidence at the trial of this matter.

**REQUEST FIVE:** Any and all documentation regarding any damages sustained to the vehicle operated by the defendant, including, but not limited to, repair bills, estimates and/or canceled checks.

**REQUEST SIX:** Any and all reports filed with or completed by the defendant concerning the accident with any governmental agency, whether the same be federal, state, or local.

**REQUEST SEVEN:** Any and all written communications and/or copies thereof sent by the defendant to the plaintiff relative to the accident referred to in plaintiff's Complaint.

**REQUEST EIGHT:** Any and all correspondence between defendant and defendant's insurance carrier since the date of this accident that in any way relates to the accident.

**REQUEST NINE:** A list of any and all witnesses to the alleged accident, giving names and addresses.

**REQUEST TEN:** Any and all accident or operator's reports that were completed in regard to the alleged accident.

**REQUEST ELEVEN:** Any and all police reports relative to the accident.

**REQUEST TWELVE:** An entire copy, including coverage selections page, of each and every insurance policy available to the defendant to satisfy, in whole or in part, any judgment that might be recovered against the defendant by the plaintiff.

**REQUEST THIRTEEN:** The names and last known addresses of any and all persons whom the defendant or defendant's attorney intends to call at the trial of this matter.

**REQUEST FOURTEEN:** Any and all documents, photographs, or demonstrative evidence, or a description thereof, that the defendant intends to introduce at the trial of this matter.

**REQUEST FIFTEEN:** Photocopies of both sides of any and all of defendant's licenses and/or permits to operate motor vehicles issued by any federal, state or local government (including governmental agencies) and private entities.

**REQUEST SIXTEEN:** Photocopies of the registration of any and all motor vehicles owned and/or operated by the defendant on the date of the accident referred to in plaintiff's Complaint.

**REQUEST SEVENTEEN:** Photocopies of any and all citations issued by any law enforcement agency to the defendant relative to the alleged accident.

**REQUEST EIGHTEEN:** Any and all reports, memoranda, statements, or documents in defendant's possession, custody or control, that in any way relates to the accident referred to in plaintiff's Complaint.

**REQUEST NINETEEN:** Photocopies of any and all documents produced by and/or received from any court or government agency relative to the suspension of the defendant's motor vehicle operator's license, to include any such suspension that occurred in the five (5) years prior to or subsequent to the accident alleged in the plaintiff's Complaint.

The Plaintiff
By Her Attorney

Barry E. O' Connor
293 Bridge Street, suite 326
(413) 746-0060
BBO# 548570

DATED: January 14, 2005

## CERTIFICATE OF SERVICE

I do hereby certify that on __January 14, 2005__, I served copies of the attached papers on to the Defendant, Lisa Barrett of 124 Wilkins Ave, Albany, NY 12205 in the above-entitled action via Alexander Poole & Co., Albany, NY.

Dated: __January 14, 2005__

BARRY E. O'CONNOR, ESQ.