UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

05 - 30019 - MAP

| | |
|---|---|
| RAMONA ROSARIO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. NO. |
| v. ) | BBO NO. 552113 (Pino) |
| ) | |
| LISA BARRETT, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT'S ANSWER AND JURY DEMAND

The Defendant in the above-captioned action, Lisa Barrett, (hereinafter the "Defendant"), answers the numbered paragraphs of Plaintiff's Complaint as follows:

#### PARTIES

1   The Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint.

2   The Defendant admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

#### VENUE

3.   The allegations contained in paragraph 3 of Plaintiff's Complaint state a conclusion of law to which no response is required. In addition, the allegations contained in paragraph 3 of Plaintiff's Complaint refer to a document that speaks for itself.

## COUNT I
### (Negligence v. Barrett)

4. The Defendant admits the allegations contained in paragraph 4 of Plaintiff's Complaint.

5. The Defendant admits the allegations contained in paragraph 5 of Plaintiff's Complaint.

6. The Defendant admits the allegations contained in paragraph 6 of Plaintiff's Complaint.

7. The Defendant denies the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. The Defendant denies the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. The Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

WHEREFORE, the Defendant, Lisa Barrett, requests that the Court:

1. Enter Judgment in her favor and as against the Plaintiff on Count I of Plaintiff's Complaint;

2. Award the Defendant her costs, including reasonable attorneys' fees; and

3. Grant such further relief as may be deemed appropriate by the Court.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2

## SECOND DEFENSE

The Plaintiff failed to commence this action when the applicable statute of limitations.

## THIRD DEFENSE

The Plaintiff is guilty of contributory negligence to such a degree as to bar recovery, but if he recovers, any recovery must be reduced pro rata to the extent of Plaintiff said negligence.

## FOURTH DEFENSE

If the Plaintiff was injured as alleged, which the Defendant expressly denies, it was not as the result of the action of inactions of the Defendant or anyone for whom the Defendant is legally liable or responsible.

## FIFTH DEFENSE

The Plaintiff, at the time of the alleged accident, was acting in violation of law, regulation or ordinance, said violation was the cause of the Plaintiff's alleged injuries and, therefore, Plaintiff cannot recover in this action.

## SIXTH DEFENSE

There has been an insufficiency of process and an insufficiency of service of process in this action and, therefore, the Plaintiff's Complaint should be dismissed.

## SEVENTH DEFENSE

The Plaintiff's claim for alleged pain and suffering is barred by the applicable provisions of Mass. Gen. L. ch. 231, § 60.

## EIGHTH DEFENSE

The Plaintiff's claim for alleged medical expenses and loss of earnings is barred in whole or in part by the applicable provisions of Mass. Gen. L. ch. 90, § 34M.

THE DEFENDANT DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

LISA BARRETT
By her attorney,

*Paul G. Pino*
Paul G. Pino
BBO# 552113
LAW OFFICE OF PAUL G. PINO
1350 Division Road, Suite 104
West Warwick, RI 02893
(401) 827-1250

Dated: January 21, 2005

## CERTIFICATE OF SERVICE

I, Paul G. Pino, Esquire, hereby certify that on the 21st day of January, 2005, I caused to be served the foregoing document by first class mail, postage prepaid to the following counsel of record:

Barry E. O'Connor, Esquire
293 Bridge Street, Suite 326
Springfield, MA 01103

*Paul G. Pino*
Paul G. Pino

4