UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| RAMONA ROSARIO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. NO. 05-30019-MAP |
| v. ) | BBO NO. 552113 (Pino) |
| ) | |
| LISA BARRETT, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND CERTIFICATION

The Defendant in the above-captioned action, Lisa Barrett, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Rule 7.1 request that the Court issue an Order through which the Plaintiff's interrogatories to the Defendant are stricken.

As grounds for this Motion, the Defendant, Lisa Barrett, states the following:

1. The Plaintiff commenced this action on January 7, 2005 in Hampden Superior Court, C.A. No. 05-00025.

2. On or about January 19, 2005, the Defendant was served with a copy of the Summons and Complaint along with interrogatories and a document request.

3. On or about January 21, 2005, the Defendant removed the state court action to this Court pursuant to 28 USC §§ 1441 and 1446(d).

4. With respect to Plaintiff's interrogatories, they number twenty-seven (27) and include thirty-eight (38) discrete subparts in violation of Rule 33(a) of the Federal Rules of Civil Procedure. A copy of Plaintiff's interrogatories is attached hereto as Exhibit 1.

5. On or about February 2, 2005, Defendant's counsel forwarded a letter to Plaintiff's counsel regarding the excessive number of interrogatories and requesting that Plaintiff's counsel revise them so as to comply with the foregoing Rule. To date, Defendant's counsel has not received any response from Plaintiff's counsel. A copy of the correspondence dated February 2, 2005 is attached hereto as Exhibit 2.

## CERTIFICATION

Pursuant to Rule 7.1(2) of the Local Rules, Defendant's counsel hereby certifies that he has attempted to confer with Plaintiff's counsel regarding Plaintiff's excessive interrogatories in a good faith effort to resolve or narrow that issue.

WHEREFORE, the Defendant, Lisa Barrett, requests that the Court:

1. Allow her Motion for Protective Order;
2. Award the Defendant her costs, including reasonable attorneys' fees; and
3. Grant such further relief as may be deemed necessary by the Court.

LISA BARRETT
By her attorney,

Paul G. Pino
BBO# 552113
LAW OFFICE OF PAUL G. PINO
1350 Division Road, Suite 104
West Warwick, RI 02893
(401) 827-1250

Dated: February 16, 2005

2

## CERTIFICATE OF SERVICE

I, Paul G. Pino, Esquire, hereby certify that on the 16 day of February, 2005, I caused to be served the foregoing document by first class mail, postage prepaid to the following counsel of record:

>Barry E. O'Connor, Esquire
>293 Bridge Street, Suite 326
>Springfield, MA 01103

_____
Paul G. Pino

EXHIBIT 1

## COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss

SUPERIOR COURT DEPARTMENT
SPRINGFIELD DIVISION
CIVIL ACTION NO. 05 25

| | |
|---|---|
| RAMONA ROSARIO )<br>    Plaintiff )<br> )<br>v. )<br> )<br> )<br> )<br>LISA BARRETT )<br>    Defendant )<br>_____) | FIRST SET OF INTERROGATORIES TO BE<br>ANSWERED UNDER OATH BY<br>DEFENDANT LISA BARRETT |

    Now comes the plaintiff, RAMONA ROSARIO, and hereby propounds the following Interrogatories to be answered, under oath, by the defendant, LISA BARRETT

### INSTRUCTIONS & DEFINITIONS

You are required to answer the following Interrogatories fully, separately, and under oath, within forty-five (45) days after service hereof, pursuant to Mass.R.Civ.P. 33. In answering these Interrogatories, you are required to furnish all information that is available to you, including that which can be learned through your reasonable inquiry. This also includes non privileged information in the possession of your attorney(s), consultants, experts, investigators, agents, or other persons acting on your behalf.

If any of these Interrogatories cannot be answered in full, please answer to the extent possible and specify the reason for your inability to answer the remainder. The Interrogatories are continuing, and answers thereto must be supplemented by you to the maximum extent required by the Massachusetts General Laws and Rules of Civil Procedure.

Any use in this document of the term "defendant" refers to the defendant, Lisa Barrett

Any use in this document of the terms "the accident" or "the collision" refers to the motor vehicle accident of February 1, 2002 involving the plaintiff, Ramona Rosario and the defendant, Lisa Barrett, which occurred in Springfield, Massachusetts, all as alleged in the plaintiff's Complaint.

### INTERROGATORIES

1.    Please state your full name, social security number, date of birth, current residence address, current business address, current position or title, and the number of years in that

position, as well as your full name, residence address, business address and position or title on or about February 1, 2002.

2. Please state whether you were the owner and/or operator of a 2000 Honda Civic with New York registration number CY913E on February 1, 2002.

3. If you were not the owner of the vehicle referred to in the preceding Interrogatory, please state:

    a) the name and address of the owner of said vehicle on February 1, 2002;
    b) the relationship between yourself and the owner of said vehicle on February 1, 2002;
    c) whether you had operated said vehicle on other occasions prior to February 1, 2002, giving the approximate number of times you had so operated the vehicle in question; and
    d) whether you were operating the vehicle in question on February 1, 2002 with the authorization of the owner of that vehicle.

4. Please state the date, time and place (giving street names and other geographical locations) the accident occurred.

5. Please state where you were coming from, how long you had been at that location, and where you were going at the time the alleged accident occurred.

6. If there were any persons in the vehicle which you were operating, please state the number of such persons and their names and addresses.

7. Please state in full and complete detail how the accident occurred, stating what you saw, what you heard, what you did, and what happened in the order in which the events took place.

8. Please state the names and residential and business addresses of any individual who witnessed the alleged accident and/or the events leading to the accident. Plaintiff requests that you update this list should it change prior to trial, by furnishing a supplemental list to plaintiff's attorney.

9. Please state the speed of the vehicle operated by you:

    a) at approximately 50 feet from the point of collision;
    b) at approximately 25 feet from the point of collision;
    c) at the exact point of collision.

10. Please describe in the most complete detail possible everything you did in an attempt to avoid the accident, including any warning or signal given by you just prior to the collision.

11. What were the points of contact between the vehicle you were operating and plaintiff's vehicle?

12. Please describe in as much detail as possible what happened to the vehicle you were operating immediately after the collision with plaintiff, including where it traveled, what, if anything, it struck, and where it finally came to rest.

13. If the vehicle you were operating was damaged as a result of the accident, please describe in full detail the damage sustained to the vehicle, naming each part that was so damaged.

14. Were you approached by any police officer(s) on February 1, 2002, or at anytime subsequent thereto, relative to the accident? If so, please state, in detail:

    a) where, giving street and city/town names, you were so approached;
    b) the approximate time you were so approached;
    c) the city, town, agency, department, etc., whom the police officer(s) represented;
    d) why you were so approached;
    e) the result of your being so approached; and
    f) the names of the police officer(s).

15. If you incurred or were cited for any traffic and/or moving violations on February 1, 2002, or at any time subsequent thereto, relative to the accident, please state, as fully and completely as possible, as to each such citation:

    a) the town and/or city where the citation was issued;
    b) the nature of the citation;
    c) the name of the court where any action was taken pursuant to the citation; and
    d) the result of any court action taken pursuant to the citation, giving the date of resolution.

16. If you had any conversation with the plaintiff with reference to the accident, please set forth details of the conversation(s) as fully and completely as possible.

17. Please state any and all acts, deeds, or omissions that you allege were committed by the plaintiff which you contend contributed to the accident or to plaintiff's injuries.

18. Please describe in detail the condition of the weather, lighting and the roadway at the time and place of the collision.

19. Please describe in detail any and all traffic controls (e.g., traffic lights, stop signs, warning signs) located in the vicinity of the accident on February 1, 2002.

20. If any person(s) or vehicle(s) other than the parties presently named in plaintiff's Complaint contributed in any way to the happening of the accident, identify each such

person(s) and vehicle(s) and state in full and complete detail how you allege he, she or they contributed to causing the alleged accident.

21. As to each insurance policy available to you to satisfy in whole or in part any judgment that might be recovered against you in this matter, please state:

   a) the name and address of each company issuing such an insurance policy;
   b) the number of each such policy;
   c) the effective period(s) of each such policy; and
   d) the maximum liability limits.

22. If you have incurred or have been cited for any traffic and/or moving violations, or have had your motor vehicle operator's license suspended by the Massachusetts Registry of Motor Vehicles within five (5) years prior to or subsequent to the date of the accident, please state, as fully and completely as possible, as to each such citation:

   a) the date the citation was issued;
   b) the town and/or city where the citation was issued;
   c) the nature of the citation;
   d) the name of the court where any action was taken pursuant to the citation;
   e) the result of any court or registry action taken pursuant to the citation, and the date of resolution;
   f) the dates, beginning and ending, of suspension; and
   g) the reason for suspension.

23. Have you been in any other motor vehicle accidents, either before or after the date of the collision alleged in the plaintiff's Complaint? If so, when, and what were the facts and resolutions of those cases?

24. Please state whether you or anyone acting in your behalf obtained any signed or unsigned statement(s) (specify which) from any alleged witness(es) to the events alleged in plaintiff's Complaint. If so, please state:

   a) the name and present address of the witness(es);
   b) the date said statement was prepared; and
   c) the identity of the person(s) who has the current custody or control of such written statement.

25. Please identify each and every person, by giving their name and address, whom you intend to call as a witness at the trial of this matter.

26. Please state the name, residence, business address, occupation and specialty of each person you expect may be called by you or your attorney as an expert witness at the trial of this action, setting forth:

- a) the subject matter, in detail, on which each such person may be expected to testify;
- b) in detail, the substance of all facts about which each person may be expected to testify;
- c) in detail, the contents of all facts about which each person may be expected to testify; and
- d) in detail, a summary of the grounds for each such opinion and the substance of all facts on which such opinions are based.

27. Please state whether at any time prior to the accident, you consumed any alcoholic beverage and/or any controlled substance. If so, please state:

- a) when you consumed said alcoholic beverage and/or controlled substance (within 24 hours of the accident);
- b) the type of alcoholic beverage and/or controlled substance; and
- c) the quantity of alcoholic beverage and/or controlled substance consumed by you (within 24 hours of the accident).

The Plaintiff
By Her Attorney,

Barry E. O'Connor, Esq.
293 Bridge Street, Suite 326
Springfield, MA 01103
(413)746-0060
BBO#548570

Dated: January 14, 2005

## CERTIFICATE OF SERVICE

I do hereby certify that on __January 14, 2005__, I served copies of the attached papers on to the Defendant, Lisa Barrett of 124 Wilkins Ave, Albany, NY 12205 in the above-entitled action via Alexander Poole & Co., Albany, NY.

Dated: __January 14, 2005__

BARRY E. O'CONNOR, ESQ.

LAW OFFICE OF
# PAUL G. PINO
Salaried Employees of Progressive Halcyon Insurance Company

1350 Division Road, Suite 104
West Warwick, RI 02893
(401) 827-1250
Facsimile (401) 884-2020

EXHIBIT 2

Paul G. Pino*

\*Admitted in Rhode Island and Massachusetts
\*\*Admitted in Rhode Island

George T. Gilson*
Mahmud Noormohamed*
Mark J. Faria**

February 2, 2005

Barry E. O'Connor, Esq.
293 Bridge Street, Suite 326
Springfield, MA 01103

Re: Rosario v. Barrett
C.A. No. 05-30019-MAP

Dear Mr. Barry:

Please accept this correspondence pursuant to Rule 7.1(2) of the Local Rules of Civil Procedure with respect to the Plaintiff's interrogatories. In that regard, Rule 33(a) of the Federal Rules of Civil Procedure limit the number of interrogatories to twenty five (25) including discrete subparts. According to my review of the Plaintiff's interrogatories, they number twenty-seven (27) and include thirty-eight (38) discrete subparts. As such, I would appreciate your undertaking to revise the Plaintiff's interrogatories so that they comply with the foregoing Rule.

In the event that I do not hear from you within the next ten (10) regarding my request that you revise the Plaintiff's interrogatories, I will be forced to file a Motion for Protective Order with the Court.

I look forward to hearing from you.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

Paul G. Pino

PGP:jlg