UNITED STATES DISTRICT COURT
Western District of Massachusetts

| | |
|---|---|
| RAMONA ROSARIO <br><br> Plaintiff <br><br> vs. <br><br> LISA BARRETT <br><br> Defendant | Civil Action No. 05-300019-MAP |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND REQUEST FOR ORAL ARGUMENT PURSUANT TO LOCAL RULE 7.1(d)

The Plaintiff in the above-captioned action, Ramona Rosario, opposes the Motion for Protective Order brought by the defendant under Federal Rule of Civil Procedure 26(c) and submits her opposition pursuant to Local Rule 7.1(b)2 and respectfully requests that this Honorable Court deny the Motion for Protective Order and assess costs to the Defendant movant pursuant to Federal Rule of Civil Procedure 37(a)(4)(B).

As grounds for this Opposition, the plaintiff, Ramona Rosario, states the following:

1. The plaintiff commenced this action on January 7, 2005 in Hampden County Superior Court, Civil Action No. 05-025.

2. On January 19, 2005 the Defendant was served by way of first-class mail and delivery to her last and usual place of abode in Albany, NY, the Complaint filed in

Hampden County Superior Court, Superior Court Summons, Interrogatories and Request for Production of Documents relative to the facts alleged in the Complaint.

3.  On or about January 21, 2005 the Defendant removed this action to this Court.

4.  From January 24, 2005 until present Plaintiff has received numerous communications from Defendant's Counsel including a timely filed Answer, Removal Documents, Interrogatories and Initial Disclosure of Documents.

5.  On February 17, 2005 Plaintiff's Counsel received a copy of Defendant's Motion for Protective Order.

6.  Paragraph No. 5 of the Defendant's Motion for Protective Order states that a letter was forwarded by Counsel to Plaintiff's Counsel on or about February 2, 2005 regarding the interrogatories that are the subject of this Motion. The copy of the Motion received by plaintiff did not contain a copy of the correspondence identified as Exhibit 2 in Defendant's Motion.

7.  Plaintiff's Counsel has not to this date received the correspondence alleged as being sent February 2, 2005 or of a copy of the alleged correspondence Defendant Identifies as Exhibit 2 in her Motion.

8.  Plaintiff's Counsel did not receive any telephone communication or any other form of communication from Defendant's Counsel before the submission of this Motion in an attempt to narrow or resolve the issue of the number of Interrogatories served upon Defendant.

9. Plaintiff's Interrogatories as served while the case was filed in Hampden County Superior Court number twenty-seven (27), including interrogatories containing subparts that seek only to obtain specified additional particularized information with respect to the basic interrogatory. The text of Local Rule 26.1 (c) specifically provides that such subparts shall not be counted separately from the basic interrogatory.

10. The facts on which Plaintiff relies on in opposing this Motion are more fully set forth in the Affidavit of Barry E. O'Connor, attached as Exhibit A and made a part hereof pursuant to Local Rule 7.1(b)2.

11. The arguments on which Plaintiff relies on as reasons the motion should not be granted are more fully set forth in the Plaintiff's Memorandum of Reasons and are made a part of this document pursuant to Local Rule 7.1(b)2.

**WHEREFORE,** the plaintiff asks that this Honorable Court allow the plaintiff to be heard and requests this Honorable Court to;

1. Grant Oral Argument of the Motion;

2. Deny the Defendant's Motion for Protective Order;

3. Award plaintiff reasonable expenses and attorneys' fees; and

4. Grant any other such relief as may be deemed necessary by this Honorable Court.

UNITED STATES DISTRICT COURT
Western District of Massachusetts

| | |
|---|---|
| RAMONA ROSARIO <br><br> Plaintiff <br><br> vs. <br><br> LISA BARRETT <br><br> Defendant | Civil Action No. 05-300019-MAP |

**PLAINTIFF'S MEMORANDUM OF REASONS FOR OPPOSITION OF MOTION FOR PROTECTIVE ORDER**

<u>FACTS</u>

On January 7, 2005 the Plaintiff of this action, Ramona Rosario filed suit in Hampden County Superior Court for injuries suffered as a result of a motor vehicle accident between the Plaintiff, Ramona Rosario, and the Defendant, Lisa Barrett that occurred on February 1, 2002. Between January 21 and January 27, 2005 Plaintiff's Counsel, Barry E. O'Connor, received Removal Documents, Notice of Appearance, Answer to Complaint and Interrogatories by Defendant's Counsel, Paul G. Pino. Plaintiff subsequently received Initial Disclosures pursuant to Local Rule 26.2 and on February 16, 2002 received via facsimile transmission a joint party statement containing a proposed discovery plan pursuant to Local Rule 16.1 for the Scheduling Conference scheduled for this matter March 15, 2005 in this Court. Staff for Plaintiff's Counsel contacted Attorney's Pino's secretary on February 17, 2005 to express Plaintiff's satisfaction with the proposed statement. At this time no mention was made of the Motion for Protective

Order or any issues regarding the discovery sought in this case. Specifically, Attorney Pino never telephoned Plaintiff's Counsel regarding any discovery issue or conferred with Plaintiff's Counsel regarding a forthcoming Motion.

On February 17, 2005 Plaintiff's Counsel received Defendant's Motion for Protective Order. Paragraph number five (5) of Defendant's Motion states that "Defendant's counsel forwarded a letter to Plaintiff's counsel regarding the excessive number of interrogatories and requesting that Plaintiff's counsel revise them so as to comply with the foregoing Rule [33(a)]." Defendant's motion goes on to state "A copy of the correspondence dated February 2, 2005 is attached hereto as Exhibit 2." While a copy of this letter was almost certainly contained in the Motion submitted to this Court by Defendant, a copy of the alleged correspondence is absent from all papers sent to plaintiff's counsel. In fact, Plaintiff's Counsel received neither the original correspondence or a copy of the alleged correspondence.

## ARGUMENT

I. RULE 26 (c) REQUIRES THE REVIEWING COURT TO USE ITS DISCRETION IN RULING ON A MOTION FOR PROTECTIVE ORDER TO PRESERVE THE INTERESTS OF JUSTICE

The decision to grant a motion for protective order is squarely within the discretion of the district court judge. Wang v. Hsu 919 F.2d 130, 130 (C.A. 10, 1990). However, Rule 26 (c) requires that the reviewing court grant a protective order only upon a showing of good cause that justice requires the order to protect a party from annoyance, embarassment, oppression or undue burden or expense. Fed.Rules.Civ.Proc.Rule 26 (c). Pursuant to Rule 26(c) the defendants seek a ruling in their favor where the Plaintiff's Interrogatories to the Defendant would be stricken, thus

limiting her discovery and causing repetitious and unneeded discovery requests. A motion limiting discovery "is a disfavored motion" placing "the burden on the party seeking relief to show some plainly adequate reason for the order." United States v. Purdome, 30 F.R.D. 338, 341(W.D.Mo.,1962).

In the instant case no adequate reason exists for the issuance of a Protective Order striking the discovery. This suit was filed in Hampden County Superior Court where under Massachusetts Rule of Civil Procedure 33(a) service is allowed of thirty (30) interrogatories. Defendant then removed the action to this Court where Federal Rule of Civil Procedure allows for 25 interrogatories. Local Rule 26.1 (c) allows for the service of 25 interrogatories and specifies the number of interrogatories shall be calculated by the number of the interrogatories and that subparts that seek only to obtain specified additional particularized information with respect to the basic interrogatory shall not be counted separately from the basic interrogatory. Accordingly, the total number of interrogatories served to defendant stands at 27. The Plaintiff contends that having to answer 27 standard interrogatories, instead of 25, does not rise to level of annoyance, embarassment, oppression or undue burden or expense to defendant contemplated by Rule 26(c) and does not provide a plainly adequate reason for the issuance of a Protective Order.

II. <u>THE MOVING PARTY HAS NOT ATTEMPTED IN GOOD FAITH TO CONFER WITH PLAINTIFF'S COUNSEL IN AN EFFORT TO RESOLVE THIS ISSUE AS REQUIRED BY RULE 26(c).</u>

Plaintiff also seeks a denial of the Defendant's Motion for Protective Order on the basis that the Order sought by defendant under Federal Rule 26(c) was brought without a good faith effort to resolve the issue by the Defendant. Rule 26(c) requires a moving party to certify

"that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action". Even if this Court were to accept as true that the Defendant sent a letter to Plaintiff's Counsel regarding the issue of the numbers of interrogatories served to Defendant, Defendant's Counsel never placed a telephone call to Plaintiff's Counsel regarding the issue. This is particularly relevant because the Defendant removed the action from the Superior Court where thirty (30) interrogatories are allowed. Instead of attempting to resolve the extremely minor issue of two interrogatories by a telephone call, Defendant submitted a Motion for Protective Order to this Court. This is the type of action is specifically prohibited by 26(c). The Defendant made virtually no attempt to resolve the issue but instead resorted directly to "court action".

III. <u>THE MOVING PARTY WAS NOT SUBSTANTIALLY JUSTIFIED IN MAKING A MOTION FOR PROTECTIVE ORDER AND PLAINTIFF IS ENTITLED TO COSTS OF OPPOSING THE MOTION UNDER FEDERAL RULE 37(a)(4)(B).</u>

Should the Court deny Defendant's Motion the Plaintiff moves the Court pursuant to Federal Rule 37(a)(4)(B) to award the Plaintiff the reasonable expenses incurred in opposing the Motion, including attorney's fees. Rule 37(a)4(B) provides that this Court may require the moving party to pay reasonable fees "unless the court finds that the making of the motion was substantially justified. Given the Defendant's, at best minimal, efforts to confer in good faith and avoid court action, the Plaintiff believes that the Defendant's Motion was not substantially justified and the Plaintiff has incurred undue expense in being compelled to oppose such Motion.

Respectfully submitted,
The plaintiff, through her attorney,

Dated: 2/23/05

Barry E. O'Connor, Esq.
293 Bridge Street, Suite 326
Springfield, MA 01103
413-746-0060
BBO No. 548570

## CERTIFICATION OF SERVICE

## PURSUANT TO LOCAL RULE 5.2

I hereby certify that a copy of the foregoing was mailed, postage prepaid, on February 23, 2005 to counsel as follows:

Defendant's Counsel of Record
Paul G. Pino
Law Office of Paul G. Pino
1350 Division Road
West Warwick, RI 02893

Dated: February 23, 2005

BARRY E. O'CONNOR, ESQ.

UNITED STATES DISTRICT COURT
Western District of Massachusetts

| | |
|---|---|
| RAMONA ROSARIO<br><br>Plaintiff<br><br>vs.<br><br>LISA BARRETT<br><br>Defendant | Civil Action No. 05-300019-MAP |

## AFFIDAVIT OF ATTORNEY BARRY E. O'CONNOR IN SUPPORT OF OPPOSITION FOR MOTION FOR PROTECTIVE ORDER

I, Barry E. O'Connor, hereby state as follows under the pains and penalties of perjury;

1. My name is Barry E. O'Connor, 293 Bridge Street, Suite 326, Springfield, MA 01103.

2. I am counsel for plaintiff Ramona Rosario.

3. I filed this action on behalf of my client on January 7, 2005 in Hampden County Superior Court.

4. On January 19, 2005 I caused to be served a copy of the Complaint and discovery requests to the Defendant, Lisa Barrett.

5. The discovery requests included 27 interrogatories including subparts seeking particularized facts in the response as clarification of the interrogatories (Attached as Exhibit B).

6. From January 24, 2005 until present I received numerous documents from the Defendant's Counsel, Paul G. Pino.

7. At present I have not received any correspondence or a copy of any correspondence indicating in any way a request for a modification of the discovery requests.

8. Attorney Paul G. Pino has never telephoned my office for any reason, including to discuss the interrogatories that are the subject of this Motion.

9. On February 17, 2005 I received a copy of the Motion for Protective Order filed with the United States District Court for the Western District of Massachusetts.

10. As a result of receiving this Motion, I was required to conduct research and write an Opposition to the Motion totaling four hours of work I would have otherwise been able to devote to weightier issues in my other cases. (See attached EXHIBIT C).

*BEO*

Barry E. O'Connor
293 Bridge Street
Suite 326
Springfield, MA 01103
413-746-0060
BBO# 548570

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss

SUPERIOR COURT DEPARTMENT
SPRINGFIELD DIVISION
CIVIL ACTION NO. 05 25

| | |
|---|---|
| RAMONA ROSARIO<br>    Plaintiff<br><br>v.<br><br>LISA BARRETT<br>    Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

FIRST SET OF INTERROGATORIES TO BE ANSWERED UNDER OATH BY DEFENDANT LISA BARRETT

Now comes the plaintiff, RAMONA ROSARIO, and hereby propounds the following Interrogatories to be answered, under oath, by the defendant, LISA BARRETT

## INSTRUCTIONS & DEFINITIONS

You are required to answer the following Interrogatories fully, separately, and under oath, within forty-five (45) days after service hereof, pursuant to Mass.R.Civ.P. 33. In answering these Interrogatories, you are required to furnish all information that is available to you, including that which can be learned through your reasonable inquiry. This also includes non privileged information in the possession of your attorney(s), consultants, experts, investigators, agents, or other persons acting on your behalf.

If any of these Interrogatories cannot be answered in full, please answer to the extent possible and specify the reason for your inability to answer the remainder. The Interrogatories are continuing, and answers thereto must be supplemented by you to the maximum extent required by the Massachusetts General Laws and Rules of Civil Procedure.

Any use in this document of the term "defendant" refers to the defendant, Lisa Barrett

Any use in this document of the terms "the accident" or "the collision" refers to the motor vehicle accident of February 1, 2002 involving the plaintiff, Ramona Rosario and the defendant, Lisa Barrett, which occurred in Springfield, Massachusetts, all as alleged in the plaintiff's Complaint.

## INTERROGATORIES

1. Please state your full name, social security number, date of birth, current residence address, current business address, current position or title, and the number of years in that

position, as well as your full name, residence address, business address and position or title on or about February 1, 2002.

2. Please state whether you were the owner and/or operator of a 2000 Honda Civic with New York registration number CY913E on February 1, 2002.

3. If you were not the owner of the vehicle referred to in the preceding Interrogatory, please state:

   a) the name and address of the owner of said vehicle on February 1, 2002;
   b) the relationship between yourself and the owner of said vehicle on February 1, 2002;
   c) whether you had operated said vehicle on other occasions prior to February 1, 2002, giving the approximate number of times you had so operated the vehicle in question; and
   d) whether you were operating the vehicle in question on February 1, 2002 with the authorization of the owner of that vehicle.

4. Please state the date, time and place (giving street names and other geographical locations) the accident occurred.

5. Please state where you were coming from, how long you had been at that location, and where you were going at the time the alleged accident occurred.

6. If there were any persons in the vehicle which you were operating, please state the number of such persons and their names and addresses.

7. Please state in full and complete detail how the accident occurred, stating what you saw, what you heard, what you did, and what happened in the order in which the events took place.

8. Please state the names and residential and business addresses of any individual who witnessed the alleged accident and/or the events leading to the accident. Plaintiff requests that you update this list should it change prior to trial, by furnishing a supplemental list to plaintiff's attorney.

9. Please state the speed of the vehicle operated by you:

   a) at approximately 50 feet from the point of collision;
   b) at approximately 25 feet from the point of collision;
   c) at the exact point of collision.

10. Please describe in the most complete detail possible everything you did in an attempt to avoid the accident, including any warning or signal given by you just prior to the collision.

11. What were the points of contact between the vehicle you were operating and plaintiff's vehicle?

12. Please describe in as much detail as possible what happened to the vehicle you were operating immediately after the collision with plaintiff, including where it traveled, what, if anything, it struck, and where it finally came to rest.

13. If the vehicle you were operating was damaged as a result of the accident, please describe in full detail the damage sustained to the vehicle, naming each part that was so damaged.

14. Were you approached by any police officer(s) on February 1, 2002, or at anytime subsequent thereto, relative to the accident? If so, please state, in detail:

   a) where, giving street and city/town names, you were so approached;
   b) the approximate time you were so approached;
   c) the city, town, agency, department, etc., whom the police officer(s) represented
   d) why you were so approached;
   e) the result of your being so approached; and
   f) the names of the police officer(s).

15. If you incurred or were cited for any traffic and/or moving violations on February 1, 2002, or at any time subsequent thereto, relative to the accident, please state, as fully and completely as possible, as to each such citation:

   a) the town and/or city where the citation was issued;
   b) the nature of the citation;
   c) the name of the court where any action was taken pursuant to the citation; and
   d) the result of any court action taken pursuant to the citation, giving the date of resolution.

16. If you had any conversation with the plaintiff with reference to the accident, please set forth details of the conversation(s) as fully and completely as possible.

17. Please state any and all acts, deeds, or omissions that you allege were committed by the plaintiff which you contend contributed to the accident or to plaintiff's injuries.

18. Please describe in detail the condition of the weather, lighting and the roadway at the time and place of the collision.

19. Please describe in detail any and all traffic controls (e.g., traffic lights, stop signs, warning signs) located in the vicinity of the accident on February 1, 2002.

20. If any person(s) or vehicle(s) other than the parties presently named in plaintiff's Complaint contributed in any way to the happening of the accident, identify each such

person(s) and vehicle(s) and state in full and complete detail how you allege he, she or they contributed to causing the alleged accident.

21. As to each insurance policy available to you to satisfy in whole or in part any judgment that might be recovered against you in this matter, please state:

   a) the name and address of each company issuing such an insurance policy;
   b) the number of each such policy;
   c) the effective period(s) of each such policy; and
   d) the maximum liability limits.

22. If you have incurred or have been cited for any traffic and/or moving violations, or have had your motor vehicle operator's license suspended by the Massachusetts Registry of Motor Vehicles within five (5) years prior to or subsequent to the date of the accident, please state, as fully and completely as possible, as to each such citation:

   a) the date the citation was issued;
   b) the town and/or city where the citation was issued;
   c) the nature of the citation;
   d) the name of the court where any action was taken pursuant to the citation;
   e) the result of any court or registry action taken pursuant to the citation, and the date of resolution;
   f) the dates, beginning and ending, of suspension; and
   g) the reason for suspension.

23. Have you been in any other motor vehicle accidents, either before or after the date of the collision alleged in the plaintiff's Complaint? If so, when, and what were the facts and resolutions of those cases?

24. Please state whether you or anyone acting in your behalf obtained any signed or unsigned statement(s) (specify which) from any alleged witness(es) to the events alleged in plaintiff's Complaint. If so, please state:

   a) the name and present address of the witness(es);
   b) the date said statement was prepared; and
   c) the identity of the person(s) who has the current custody or control of such written statement.

25. Please identify each and every person, by giving their name and address, whom you intend to call as a witness at the trial of this matter.

26. Please state the name, residence, business address, occupation and specialty of each person you expect may be called by you or your attorney as an expert witness at the trial of this action, setting forth:

    a)    the subject matter, in detail, on which each such person may be expected to testify;

    b)    in detail, the substance of all facts about which each person may be expected to testify;

    c)    in detail, the contents of all facts about which each person may be expected to testify; and

    d)    in detail, a summary of the grounds for each such opinion and the substance of all facts on which such opinions are based.

27.    Please state whether at any time prior to the accident, you consumed any alcoholic beverage and/or any controlled substance. If so, please state:

    a)    when you consumed said alcoholic beverage and/or controlled substance (within 24 hours of the accident);

    b)    the type of alcoholic beverage and/or controlled substance; and

    c)    the quantity of alcoholic beverage and/or controlled substance consumed by you (within 24 hours of the accident).

The Plaintiff
By Her Attorney,

_____
Barry E. O'Connor, Esq.
293 Bridge Street, Suite 326
Springfield, MA 01103
(413)746-0060
BBO#548570

Dated: January 14, 2005

## CERTIFICATE OF SERVICE

I do hereby certify that on ___January 14, 2005___, I served copies of the attached papers on to the Defendant, Lisa Barrett of 124 Wilkins Ave, Albany, NY 12205 in the above-entitled action via Alexander Poole & Co., Albany, NY.

Dated: January 14, 2005

_____
BARRY E. O'CONNOR, ESQ.

# LEGAL SERVICE INVOICE

Law Office Of Barry E. O'Connor
293 Bridge Street, Suite 326
Springfield, MA 01103
Tel. No.: (413)746-0060
Fax:: (413)746-0059

**SERVICE FOR:**
LEGAL SERVICES

**BILL TO:**

| DATE | SERVICE DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|---|
| 2/22/05 | Opposition to Motion for Protective Order Research and preparation<br>Ramona Rosario v. Lisa Barrett | 4 | | |

**MAKE CHECKS PAYABLE TO:**
Barry E. O'Connor.