UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

|  |  |
|---|---|
| RAMONA ROSARIO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. NO. 05-30019-MAP |
| v. ) | BBO NO. 552113 (Pino) |
| ) | |
| LISA BARRETT, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

The Defendant in the above-captioned action, Lisa Barrett, pursuant to Local Rule 7.1(3) submits this Reply to the Plaintiff's Opposition to the Defendant's Motion for Protective Order.

I.     TRAVEL OF DEFENDANT'S MOTION FOR PROTECTVE ORDER.

1.     On or about February 2, 2005, Defendant's counsel drafted a letter (hereinafter the "Letter") to Plaintiff's counsel pursuant to Local Rule 7.1(2) with respect to the number of interrogatories contained in "Plaintiff's First Set of Interrogatories to be Answered Under Oath by Defendant Lisa Barrett." *See*, Affidavit of Paul G. Pino, Esquire at ¶ 2.

2.     After reviewing and signing the Letter, Mr. Pino gave it to his Legal Assistant, Jane L. Gardner, for copying and to send the original Letter to Plaintiff's counsel at 293 Bridge Street, Suite 326, Springfield, Massachusetts 01103. *See*, Affidavit of Paul G. Pino, Esquire at ¶ 3; *See*, Affidavit of Jane L. Gardner at ¶ 2.

3.      On February 2, 2005, Ms. Gardner copied the Letter for inclusion in the case's file and placed the original letter in a stamped envelope addressed to Plaintiff's counsel at 293 Bridge Street, Suite 326, Springfield, Massachusetts 01103. *See*, Affidavit of Jane L. Gardner at ¶ 3.

4.      As a result of not receiving a response to the Letter as requested in it, Defendant's counsel filed the Defendant's Motion for Protective Order with the Court and served a copy of it on Plaintiff's Counsel. 293 Bridge Street, Suite 326, Springfield, Massachusetts 01103. *See*, Affidavit of Paul G. Pino, Esquire at ¶ 4.

5.      On or about February 18, 2005, Defendant's counsel received a telephone call from Plaintiff's counsel (hereinafter the "Conversation") during which he stated that he did not receive a copy of the Letter and inquired as to address to which it was sent. 293 Bridge Street, Suite 326, Springfield, Massachusetts 01103. *See*, Affidavit of Paul G. Pino, Esquire at ¶ 5.

6.      After confirming the correct address and reading the contents of the Letter to Plaintiff's counsel, he responded by stating that he had not seen the Letter. 293 Bridge Street, Suite 326, Springfield, Massachusetts 01103. *See*, Affidavit of Paul G. Pino, Esquire at ¶ 6.

7.      During the course of their Conversation about Plaintiff's interrogatories, Defendant's counsel requested that Plaintiff's counsel simply revise the interrogatories so that they would be in compliance with Rule 33(a) of the Federal Rules of Civil Procedure. 293 Bridge Street, Suite 326, Springfield, Massachusetts 01103. *See*, Affidavit of Paul G. Pino, Esquire at ¶ 7.

8.      In response to the foregoing request, Plaintiff's counsel refused to revise the interrogatories and stated that he would oppose the Defendant's Motion for Protective Order and seek sanctions against Defendant's counsel. 293 Bridge Street, Suite 326, Springfield, Massachusetts 01103. *See*, Affidavit of Paul G. Pino, Esquire at ¶ 8.

2

9. To date, Plaintiff's counsel has failed to seek leave of Court to serve interrogatories in excess of twenty-five (25) as required by Rule 33(a) of the Federal Rules of Civil Procedure. 293 Bridge Street, Suite 326, Springfield, Massachusetts 01103. *See*, Affidavit of Paul G. Pino, Esquire at ¶ 9.

II. CONCLUSION.

Contrary to Plaintiff's Opposition, Defendant's Motion for Protective Order was filed in good faith. In addition, the foregoing confirms that a good faith effort was attempted by Plaintiff's counsel to confer with Plaintiff's counsel to narrow the issue of Plaintiff's interrogatories prior to the filing of the Motion for Protective Order.

                   LISA BARRETT
                   By her attorney,

                   /s/ Paul G. Pino
                   Paul G. Pino
                   BBO# 552113
                   LAW OFFICE OF PAUL G. PINO
                   1350 Division Road, Suite 104
                   West Warwick, RI 02893
                   (401) 827-1250

Dated: February 24, 2005

CERTIFICATE OF SERVICE

I, Paul G. Pino, Esquire, hereby certify that on the 24th day of February, 2005, I caused to be served the foregoing document by first class mail, postage prepaid to the following counsel of record:

                   Barry E. O'Connor, Esquire
                   293 Bridge Street, Suite 326
                   Springfield, MA 01103

                   /s/ Paul G. Pino
                   Paul G. Pino

Exhibit # 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| RAMONA ROSARIO, ) | |
| Plaintiff, ) | |
| ) | C.A. NO. 05-30019-MAP |
| v. ) | BBO NO. 552113 (Pino) |
| ) | |
| LISA BARRETT, ) | |
| Defendant. ) | |

## AFFIDAVIT OF PAUL G. PINO, ESQUIRE

I, Paul G. Pino, Esquire, depose and state the following under oath:

1. I am counsel to the Defendant, Lisa Barrett, in the above-captioned action.

2. On or about February 2, 2005, I drafted a letter (hereinafter the "Letter") to Plaintiff's counsel pursuant to Local Rule 7.1(2) with respect to the number of interrogatories contained in "Plaintiff's First Set of Interrogatories to be Answered Under Oath by Defendant Lisa Barrett."

3. After reviewing and signing the Letter, I gave it to my Legal Assistant, Jane L. Gardner, for copying and to send the original Letter to Plaintiff's counsel at 293 Bridge Street, Suite 326, Springfield, Massachusetts 01103.

4. As a result of not receiving a response to the Letter as requested in it, I filed the Defendant's Motion for Protective Order with the Court and served a copy of it on Plaintiff's Counsel via first class mail postage prepaid to 293 Bridge Street, Suite 326, Springfield, Massachusetts 01103.

5. On or about February 18, 2005, I received a telephone call from Plaintiff's counsel (hereinafter the "Conversation") during which he stated that he did not receive a copy of the Letter and inquired as to address to which it was sent.

6. After I confirmed that the Letter was sent to the correct address and reading the contents of the Letter to Plaintiff's counsel, he responded by stating that he had not seen the Letter.

7. During the course of the Conversation about Plaintiff's interrogatories, I requested that Plaintiff's counsel revise the interrogatories so that they would be in compliance with Rule 33(a) of the Federal Rules of Civil Procedure.

8. In response to the foregoing request, Plaintiff's counsel refused to revise the interrogatories and stated that he would oppose the Defendant's Motion for Protective Order and seek sanctions against me.

9. To date, Plaintiff's counsel has failed to seek leave of Court to serve interrogatories in excess of twenty-five (25) as required by Rule 33(a) of the Federal Rules of Civil Procedure.

**SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 24th DAY OF FEBRUARY, 2005.**

_____
Paul G. Pino

## CERTIFICATE OF SERVICE

I, Paul G. Pino, Esquire, hereby certify that on the 2YH day of February, 2005, I caused to be served the foregoing document by first class mail, postage prepaid to the following counsel of record:

>Barry E. O'Connor, Esquire
>293 Bridge Street, Suite 326
>Springfield, MA 01103

*Paul G. Pino* (signature)
Paul G. Pino

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

EXHIBIT #2

| | |
|---|---|
| RAMONA ROSARIO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. NO. 05-30019-MAP |
| v. ) | BBO NO. 552113 (Pino) |
| ) | |
| LISA BARRETT, ) | |
| ) | |
| Defendant. ) | |

### AFFIDAVIT OF JANE L. GARDNER

I, Jane L. Gardner, depose and state the following under oath:

1.  I am Paul G. Pino, Esquire's Legal Assistant.

2.  On or about February 2, 2005, Mr. Pino gave me a letter addressed to Plaintiff's counsel at 293 Bridge Street, Suite 326, Springfield, Massachusetts 01103 regarding Plaintiff's interrogatories (hereinafter the "Letter") and requested that I copy the Letter and forward the original Letter to Plaintiff's counsel.

3.  In compliance with Mr. Pino's request, on February 2, 2005 I copied the Letter for inclusion in the case's file and placed the original letter in a stamped envelope addressed to Plaintiff's counsel at 293 Bridge Street, Suite 326, Springfield, Massachusetts 01103.

4.  At the end of business on February 2, 2005, I placed the Letter along with the office's other outgoing mail in the United States Postal Service's mailbox located outside of our office building.

**SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 24th DAY OF FEBRUARY, 2005.**

_____
Jane L. Gardner

## CERTIFICATE OF SERVICE

I, Paul G. Pino, Esquire, hereby certify that on the 24th day of February, 2005, I caused to be served the foregoing document by first class mail, postage prepaid to the following counsel of record:

> Barry E. O'Connor, Esquire
> 293 Bridge Street, Suite 326
> Springfield, MA 01103

_____
Paul G. Pino

2