UNITED STATES DISTRICT COURT
Western District of Massachusetts

FILED
IN CLERK'S OFFICE
2005 DEC 20 P 2: 31
U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| RAMONA ROSARIO, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>LISA BARRETT )<br>Defendant )<br>) | Civil Action No.05-300019-MAP<br><br>PRE-TRIAL CONFERENCE MEMO |

The parties to the above-referenced, by their undersigned counsel Pursuant to Local Rule 16.5 submit this pretrial memorandum.

1) **Evidence That Will be Offered at Trial by Plaintiff:**

The plaintiff ramona Rosario was involved in a motor vehicle accident which took place on February 1, 2002 in Springfield, Massachusetts.. The testimony of the plaintiff will consist of a description of the accident, and her treatment associated with the accident. The plaintiff will further testify that she lost significant time from work due to her injuries.

The plaintiff incurred $11, 010.15 Dollars of medical expenses. Plaintiff incurred lost wages of $15,781.55. Plaintiff will testify that she has not returned to work since the time of the accident.

**Defendant's Concise Summary of the Evidence.**

The present action arises from a motor vehicle accident that occurred on February 1, 2002 in Springfield, Massachusetts at the intersection of Alden Street and Naismith Circle. The accident occurred as the Defendant was exiting the driveway of Naismith Circle in order to make

a left turn onto Alden Street. While doing so, the driver's side of her vehicle was broadsided by the front end of the Plaintiff's vehicle. The evidence is expected to show that the Plaintiff was speeding at the time of the accident. As a result, the evidence is expected to show that the Plaintiff is comparatively negligent.

With respect to the Plaintiff's injuries, she first sought treatment at Bay State Medical Center on February 1, 2002 at which time she complained of experiencing pain in her neck, left hip and left knee. In that regard, she provided a history of having struck her head during the impact causing her vehicle's windshield to star. As a result, the Plaintiff underwent an x-ray of her left knee that demonstrated nondisplaced tibial fractures through the proximal tibia extending from the diametaphyseal region extending proximally to involve the intertibial spinous region. In addition, she underwent a mandible and c-spine x-ray both of which were negative in their results. Upon discharge, the Plaintiff was, also, diagnosed as suffering from a facial contusion. As an aside, a subsequent knee x-ray was taken on February 14, 2002 that demonstrated a fracture of the intercondylar eminence of the proximal tibia with a chip fracture at the posterior articulating surface.

On March 18, 2002, the Plaintiff underwent a venous duplex ultrasonography of her left lower extremity as a result of pain and swelling in her left leg. Based upon that test, it was determined that there was no evidence of a deep venous thrombosis or superficial phlebitis involving the left lower extremity.

Thereafter, the Plaintiff commenced physical therapy on March 26, 2002 at NovaCare located in Springfield, Massachusetts. Thereafter, the Plaintiff received a total of fifteen (15) PT treatments through May 16, 2002 at which time she was discharged for a lapse in attendance.

On July 11, 2002, the Plaintiff sought chiropractic treatment with Adam S. Zeger, D.C. in

Springfield, MA for complaints of bilateral occipital and frontal headaches, neck soreness and stiffness, low back soreness and stiffness and pain in her left leg and knee. Interestingly, the chiropractor did not consider her to be disabled at that time. Based upon those complaints and being examined, she was diagnosed as suffering from (1) c-spine segmental dysfunction; (2) cephalgia; (3) l-spine segmental dysfunction; (4) an instable tibiofemoral joint; and (5) myocitis. Following her initial visit, the Plaintiff received a total of approximately seventeen (17) treatments through October 2, 2002 during which her progress was slow and steady. Upon discharge, the chiropractor was of the opinion that the Plaintiff's injuries had returned to their pre-accident condition.

With respect to her lost wage claim, the Defendant expects the evidence to show that the Plaintiff's retirement was not causally related to the subject accident. Moreover, the Defendant expects the evidence to show that the Plaintiff's position was year-to-year based on the receipt of government grants. As such, the evidence is expected to show that Plaintiff's future employment with the Springfield School Department was speculative at best.

## 2) Facts Established by Pleading or by Stipulation

a)  The present action arose from a motor vehicle accident that occurred on February 1, 2002 in Springfield, Massachusetts at the intersection of Alden Street and Naismith Circle. The issue as whether or not the plaintiff's not returning to employment is causally related to this accident.

b)  The accident occurred as the Defendant was exiting the driveway of Naismith Circle in order to make a left turn onto Alden Street. While doing so, the driver's side of her vehicle was broadsided by the front end of the Plaintiff's vehicle.

3. **Contested issues of fact:**

a) The issue as whether or not the plaintiff's not returning to employment is causally related to this accident.

b) whether the Defendant caused or contributed to cause the subject accident.

c) whether the Plaintiff caused or contributed to cause the subject accident.

4) **Jurisdictional Questions**

Any jurisdictional questions have been resolved and both parties agree that this Honorable court has jurisdiction over the matter.

5) **Questions raised by pending motions**

There are no motions pending.

6) **Issues of Law**

There are no issues of law pending at this time.

7) **Requested Amendments to Pleadings**

There are currently no amendments to pleadings being requested.

8) **Additional Matters to Aid in Disposition of the Case**

There are no additional matters.

9) **Length of Trial**

Approximately 2 days of trial.

10) **Witnesses**

Ramona Rosario

16 Beaumont Terrace

Springfield, MA 01108

Lisa Barrett

124 Wilkins Avenue

Albany, NY

Person Most Knowledgeable

Springfield School Department

Springfield, MA 01108

11) **Exhibits to be Offered at Trial**

Baystate Medical Center- treatment notes

Baystate Medical Center- bill

Natural Balance ( Dr. Adam S. Zeger)-treatment notes and reports

Natural Balance (Dr. Adam S. Zeger)-bill

Nova Care rehabilitation-treatment notes and report

Nova Care rehabilitation-bill

Mary Lane Hospital-treatment notes

Mary Lane Hospital- bill

American Medical Response-bill

Baystate Medical Education & Research Foundation- bill

Gerardo B. Paulino, M.D.- bill

Footit Health Care Store- wheelchair invoice

Orthopedics & Prosthetics Labs, Inc.- bill

Dr. Steven A. Silver- Baystate Orthopedics notes

Dr. Steven A.Silver- bill

The vascular Laboratory of Western New England- notes

UNITED STATES DISTRICT COURT
Western District of Massachusetts

| | |
|---|---|
| RAMONA ROSARIO,<br><br>          Plaintiff<br><br>vs.<br><br>LISA BARRETT<br>          Defendant | Civil Action No.05-300019-MAP<br><br>PRE-TRIAL CONFERENCE MEMO |

The parties to the above-referenced, by their undersigned counsel Pursuant to Local Rule 16.5 submit this pretrial memorandum.

1) **Evidence That Will be Offered at Trial by Plaintiff:**

The plaintiff ramona Rosario was involved in a motor vehicle accident which took place on February 1, 2002 in Springfield, Massachusetts.. The testimony of the plaintiff will consist of a description of the accident, and her treatment associated with the accident. The plaintiff will further testify that she lost significant time from work due to her injuries.

The plaintiff incurred $11, 010.15 Dollars of medical expenses. Plaintiff incurred lost wages of $15,781.55. Plaintiff will testify that she has not returned to work since the time of the accident.

**Defendant's Concise Summary of the Evidence.**

The present action arises from a motor vehicle accident that occurred on February 1, 2002 in Springfield, Massachusetts at the intersection of Alden Street and Naismith Circle. The accident occurred as the Defendant was exiting the driveway of Naismith Circle in order to make

a left turn onto Alden Street. While doing so, the driver's side of her vehicle was broadsided by the front end of the Plaintiff's vehicle. The evidence is expected to show that the Plaintiff was speeding at the time of the accident. As a result, the evidence is expected to show that the Plaintiff is comparatively negligent.

With respect to the Plaintiff's injuries, she first sought treatment at Bay State Medical Center on February 1, 2002 at which time she complained of experiencing pain in her neck, left hip and left knee. In that regard, she provided a history of having struck her head during the impact causing her vehicle's windshield to star. As a result, the Plaintiff underwent an x-ray of her left knee that demonstrated nondisplaced tibial fractures through the proximal tibia extending from the diametaphyseal region extending proximally to involve the intertibial spinous region. In addition, she underwent a mandible and c-spine x-ray both of which were negative in their results. Upon discharge, the Plaintiff was, also, diagnosed as suffering from a facial contusion. As an aside, a subsequent knee x-ray was taken on February 14, 2002 that demonstrated a fracture of the intercondylar eminence of the proximal tibia with a chip fracture at the posterior articulating surface.

On March 18, 2002, the Plaintiff underwent a venous duplex ultrasonography of her left lower extremity as a result of pain and swelling in her left leg. Based upon that test, it was determined that there was no evidence of a deep venous thrombosis or superficial phlebitis involving the left lower extremity.

Thereafter, the Plaintiff commenced physical therapy on March 26, 2002 at NovaCare located in Springfield, Massachusetts. Thereafter, the Plaintiff received a total of fifteen (15) PT treatments through May 16, 2002 at which time she was discharged for a lapse in attendance.

On July 11, 2002, the Plaintiff sought chiropractic treatment with Adam S. Zeger, D.C. in

Springfield, MA for complaints of bilateral occipital and frontal headaches, neck soreness and stiffness, low back soreness and stiffness and pain in her left leg and knee. Interestingly, the chiropractor did not consider her to be disabled at that time. Based upon those complaints and being examined, she was diagnosed as suffering from (1) c-spine segmental dysfunction; (2) cephalgia; (3) l-spine segmental dysfunction; (4) an instable tibiofemoral joint; and (5) myocitis. Following her initial visit, the Plaintiff received a total of approximately seventeen (17) treatments through October 2, 2002 during which her progress was slow and steady. Upon discharge, the chiropractor was of the opinion that the Plaintiff's injuries had returned to their pre-accident condition.

With respect to her lost wage claim, the Defendant expects the evidence to show that the Plaintiff's retirement was not causally related to the subject accident. Moreover, the Defendant expects the evidence to show that the Plaintiff's position was year-to-year based on the receipt of government grants. As such, the evidence is expected to show that Plaintiff's future employment with the Springfield School Department was speculative at best.

## 2) Facts Established by Pleading or by Stipulation

a) The present action arose from a motor vehicle accident that occurred on February 1, 2002 in Springfield, Massachusetts at the intersection of Alden Street and Naismith Circle. The issue as whether or not the plaintiff's not returning to employment is causally related to this accident.

b) The accident occurred as the Defendant was exiting the driveway of Naismith Circle in order to make a left turn onto Alden Street. While doing so, the driver's side of her vehicle was broadsided by the front end of the Plaintiff's vehicle.

3.  **Contested issues of fact:**

a) The issue as whether or not the plaintiff's not returning to employment is causally related to this accident.

b) whether the Defendant caused or contributed to cause the subject accident.

c) whether the Plaintiff caused or contributed to cause the subject accident.

4) **Jurisdictional Questions**

Any jurisdictional questions have been resolved and both parties agree that this Honorable court has jurisdiction over the matter.

5) **Questions raised by pending motions**

There are no motions pending.

6) **Issues of Law**

There are no issues of law pending at this time.

7) **Requested Amendments to Pleadings**

There are currently no amendments to pleadings being requested.

8) **Additional Matters to Aid in Disposition of the Case**

There are no additional matters.

9) **Length of Trial**

Approximately 2 days of trial.

10) **Witnesses**

Ramona Rosario

16 Beaumont Terrace

Springfield, MA 01108

Lisa Barrett

124 Wilkins Avenue

Albany, NY

Person Most Knowledgeable

Springfield School Department

Springfield, MA 01108

11) **Exhibits to be Offered at Trial**

Baystate Medical Center- treatment notes

Baystate Medical Center- bill

Natural Balance ( Dr. Adam S. Zeger)-treatment notes and reports

Natural Balance (Dr. Adam S. Zeger)-bill

Nova Care rehabilitation-treatment notes and report

Nova Care rehabilitation-bill

Mary Lane Hospital-treatment notes

Mary Lane Hospital- bill

American Medical Response-bill

Baystate Medical Education & Research Foundation- bill

Gerardo B. Paulino, M.D.- bill

Footit Health Care Store- wheelchair invoice

Orthopedics & Prosthetics Labs, Inc.- bill

Dr. Steven A. Silver- Baystate Orthopedics notes

Dr. Steven A.Silver- bill

The vascular Laboratory of Western New England- notes

The Vascular Laboratory of Western New England- bill

Radiology & Imaging - bill

Cardiology & Internal Medicine-bill

The eyeglasses Company- bill

Lost wage statement

                                                Respectfully submitted
                                                For the Plaintiff
                                                Ramona Rosario

Dated_____

                                                _____
                                                Walter A. Stewart, Esq.
                                                BBO # 544386
                                                293 Bridge Street, Suite 326
                                                Springfield, MA 01103
                                                (413) 746-0060


                                                Respectfully submitted
                                                For the Defendant
                                                Lisa Barrett

Dated_____

                                                _____
                                                Paul G. Pino
                                                BBO # 552113
                                                LAW OFFICE OF PAUL G. PINO
                                                1350 Division Road, Suite 104
                                                West Warwick, RI 02893
                                                (401) 827-1250

The Vascular Laboratory of Western New England- bill

Radiology & Imaging - bill

Cardiology & Internal Medicine-bill

The eyeglasses Company- bill

Lost wage statement

|  |  |
|---|---|
|  | Respectfully submitted<br>For the Plaintiff<br>Ramona Rosario |
| Dated 12/20/05 | *[signature]*<br>Walter A. Stewart, Esq.<br>BBO # 544386<br>293 Bridge Street, Suite 326<br>Springfield, MA 01103<br>(413) 746-0060 |
|  | Respectfully submitted<br>For the Defendant<br>Lisa Barrett |
| Dated 12/20/05 | *[signature]*<br>Paul G. Pino<br>BBO # 552113<br>LAW OFFICE OF PAUL G. PINO<br>1350 Division Road, Suite 104<br>West Warwick, RI 02893<br>(401) 827-1250 |